UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6-25-12

ZULWORLD SHIPPING INC.,

                **Plaintiff,**

      - against -

PRAMS WATER SHIPPING COMPANY, INC.,

              **Defendant.**

**OPINION AND ORDER**

**11 Civ. 7597 (BSJ) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Before the Court is Petitioner Zulworld Shipping Co.'s ("Zulworld") request to conduct discovery in support of its Petition to Vacate Arbitration Award, which was awarded in favor of Respondent Prams Water Shipping Co. ("Prams"). Prams argues the Court should deny Zulworld's request because courts are limited in their review of arbitration proceedings and arbitration awards and, therefore, Zulworld should not be permitted to conduct discovery. (Def.'s Ltr., Apr. 25, 2012 ("Def.'s Ltr.") at 1.) For the reasons set forth below, Zulworld's request to conduct discovery is **DENIED**.

## II. BACKGROUND

On January 10, 2011, Prams commenced arbitration proceedings in New York against Zulworld for breach of a Management Agreement. Prams alleged Zulworld had failed to pay Prams for technical and commercial management services for the vessel *M/V Rio Targas*. (Doc. No. 8 at 2.) On July 20, 2011, the sole arbitrator rendered an award in favor of Prams for Zulworld's alleged breach and awarded the full amount of Prams's claim, $231,265.14, as well as $10,000 toward attorney's fees and prejudgment interest. (*See* Doc. No. 9, Ex. 17.) Zulworld filed its Petition (Doc. No. 1.) on October 26, 2011, pursuant to the Federal Arbitration Act. 9

U.S.C. § 10 (2011). On February 28, 2012, Zulworld noticed a deposition of Prams's President, M.R. Mahajan, as well as a notice for production of documents. (Doc. No. 17.) At a status conference on April 19, 2012, Prams objected, and the Parties were directed to submit letter briefs on the issue. (*See* Pl.'s Ltr., Apr. 26, 2012 ("Pl.'s Ltr."); Def.'s Ltr.)

### III. DISCUSSION

"Arbitration awards are subject to limited review by courts in order for the benefits of arbitration, which include the avoidance of time-consuming and costly litigation, to be realized." *InterChem Asia 2000 Pte. Ltd. v. Oceana Petrochemicals AG*, 373 F. Supp. 2d 340, 347 (S.D.N.Y. 2005). The Second Circuit conducts an "extremely limited" review of arbitration awards in general. *See, e.g., Burns Int'l Sec. Servs. v. International Union*, 47 F.3d 14, 17 (2d Cir. 1995). However, the Federal Arbitration Act allows for limited grounds for overturning an arbitration award, including cases in which "the award was procured by corruption, fraud, or undue means." 9 U.S.C. § 10(a)(1).

"To vacate an arbitration award on the basis of fraud, the challenging party must show [by clear and convincing evidence] that there was a fraud, that it could not have been discovered using due diligence during the arbitration proceedings and that there was a material relation between the fraud and the award." *Finkelstein v. UBS Global Asset Mgmt. (US) Inc.*, 2011 WL 3586437 (S.D.N.Y. Aug. 9, 2011) (citing *Chimera Capital, L.P. v. Nisselson (In re MarketXT Holdings, Corp.)*, 428 B.R. 579, 590 (S.D.N.Y.2010)). Although the Court is not determining the Petition to Vacate here, the standards articulated above guide the analysis of whether allowing for discovery would undermine the benefits of arbitration, namely, "avoidance of time-consuming and costly litigation." *InterChem Asia 2000 v. Oceana Petrochemicals*, 373 F. Supp. 2d at 340.

Here, Zulworld asserts that, although the Court's review of arbitration awards is generally limited, the instant arbitration award was a result of fraud and Federal Rule of Civil Procedure 26 allows for the discovery it seeks.  Specifically, Zulworld alleges that the Parties had negotiated a settlement agreement on June 21, 2011, but that nonetheless Prams continued with the arbitration proceedings.  (Pl.'s Ltr. at 2.)  The fraud, Zulworld claims, "consists of telling Zulworld that the matter was settled (and therefore *not* going to arbitration) *and* by submitted invoices at the aribtration that were not in fact paid." (*Id.* at 4.)  Prams asserts that, because the Court has limited review of arbitration awards, and the alleged fraud is not substantiated, judgment on the pleadings is warranted. (Def.'s Ltr. at 4.)

The Court finds that Zulworld has not made a clear and convincing showing that fraud took place, only that Prams continued with the arbitration proceedings in the midst of settlement agreements.  Prams was within its rights to do so.  Further, even if Prams made a misrepresentation to Zulworld regarding settlement, this would not preclude Zulworld from exercising due diligence with regard to its involvement and defense in the arbitration proceedings.  Therefore, Zulworld has not made a sufficient showing of fraud from its briefings and fact discovery is not warranted pursuant to Rule 26, given the limited nature of the Court's review of arbitration awards.

## IV.  CONCLUSION

For the reasons stated above, Zulworld's request to conduct discovery pursuant to Rule 26 is **DENIED**.

**SO ORDERED this 25th of June 2012**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

3